# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Fred E. Driggs

Case No: 3:18-cr-188-1
USM No: 53778-074

Date of Original Judgment: 9/24/2019
Date of Previous Amended Judgment:

Jonathan A. Moffatt
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____.

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 5/14/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:18-CR-188-KAC-JEM-1 |
| FRED E. DRIGGS, | ) ) ) | |
| Defendant. | ) | |

## **ANALYSIS**

Before the Court is Defendant Fred E. Driggs's "Motion for Sentence Reduction Under Guideline Amendment 821, Part A" [Doc. 30]. On September 24, 2019, the Court sentenced Defendant to eight-four (84) months' imprisonment for (1) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (2) possessing with intent to distribute five (5) grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B) [Doc. 26 at 1-2]. On March 7, 2024, Defendant filed the instant Motion, asking the Court to reduce his term of imprisonment from eight-four (84) to seventy (70) months under 18 U.S.C. § 3582(c)(2) [Doc. 30]. On April 22, the United States responded, noting that Defendant "is eligible for a reduction" while "defer[ing] to [the] Court's discretion whether" to grant a sentence reduction [Doc. 31 at 1].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the

2

"applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

U.S. Sent'g Comm'n, Amendment 821 (2023).

Here, Defendant is eligible for a reduction under Section 4A1.1(e). When initially sentenced, Defendant had a subtotal criminal history score of five (5) [Doc. 20 ¶ 40, *sealed]. The then-existing text of Section 4A1.1(d) required that two (2) points be added to that subtotal because he committed the offense while under a criminal justice sentence [*Id.* ¶ 41, *sealed]. This resulted in a criminal history category of four (IV). Based on a total offense level of

3

twenty-five (25) and a criminal history category of four (IV), Defendant's previous advisory guideline range was eight-four (84) to 105 months' imprisonment [*See* Doc. 27 at 1, *sealed]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would not receive two (2) additional criminal history points for committing the offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Therefore, his criminal history score would be five (5), resulting in a criminal history category of three (III) and an amended guideline range of seventy (70) to eighty-seven (87) months' imprisonment [*See* Doc. 20 ¶¶ 40-41, 60, *sealed].

The relevant Section 3553(a) factors, however, do not support a reduction of Defendant's term of imprisonment. To date, Defendant has "completed 30 hours of classes related to finding suitable employment" [*See* Docs. 30 at 5; 30-2]. *See* 18 U.S.C. § 3553(a)(1)-(2). But Defendant has received two (2) disciplinary infractions within the past year while in the Bureau of Prisons ("BOP") including an infraction for possessing a dangerous weapon [*See* Docs. 31; 30-1]. *See* 18 U.S.C. § 3553(a)(1). The BOP divides acts that are prohibited in its facilities into "four separate categories based on severity: Greatest; High; Moderate; and Low." *See* 28 C.F.R. § 541.3(a) (2024). The BOP classifies possessing a dangerous weapon as one of the "Greatest Severity Level Prohibited Acts" *See id.* Table 1. And Defendant received a significant sanction for this "Greatest" severity infraction [*See* Doc. 30-1]. As such, Defendant's recent misconduct in prison concerns the Court. That misconduct shows that the current, unmodified term of imprisonment remains necessary to provide deterrence and protect the public from any further crimes Defendant may commit. *See* 18 U.S.C. § 3553(a)(2)(B), (C). Further, the BOP has classified Defendant as an individual with a high risk of recidivism [Doc. 31-1 at 2]. *See* 18 U.S.C. § 3553(a)(1). This high assessed risk of recidivism belies the support for Amendment 821, which included the Sentencing Commission's judgment that status points were

4

not a good indicator of recidivism. *See* Amendment 821, U.S. Sent'g. Comm (2023) https://www.ussc.gov/guidelines/amendment (last visited May 14, 2023). On balance, then, the applicable 3553(a) factors do not support a reduction of Defendant's sentence.