UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) ) ) |  |  |
| v. | ) ) | No.: | 3:18-CR-188-KAC-JEM-1 |
| FRED E. DRIGGS, | ) ) |  |  |
| Defendant. | ) |  |  |

# ORDER

This criminal action is before the Court on a "Motion for Reconsideration" [Doc. 34] filed by Defendant Fred E. Driggs. On March 7, 2024, Defendant filed a "Motion for Sentence Reduction Under Guideline Amendment 821, Part A" [Doc. 30]. On May 14, the Court denied Defendant's motion, concluding that Defendant's "misconduct" in the Bureau of Prisons ("BOP") demonstrated that the "current, unmodified term of imprisonment remains necessary to provide deterrence and protect the public" [Doc. 33 at 4]. The Court noted that Defendant's classification "as an individual with a high risk of recidivism" "[f]urther" illustrated why Defendant's sentence should remain unmodified [*See id.*]. On May 17, Defendant filed the instant motion, arguing that "newly received information," which existed before the Court's May 14 Order, shows that the BOP recently reclassified Defendant to a "low" "general level of recidivism" with a "medium" risk of "violent" recidivism [Doc. 34 at 1]. As such, Defendant reasserts his request for a sentence reduction [*Id.*; *see also* Doc. 30]. For the foregoing reasons, the Court denies Defendant's motion.

When considering motions to reconsider in criminal cases, the Court relies on "analogous precedent arising under the Federal Rules of Civil Procedure." *See United States v. Johnson*,

No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 3, 2022) (citing *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)). As such, the Court may grant a motion to reconsider if "there has been (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (citation omitted).

Here even if the "newly discovered information" Defendant details in his motion would permit the Court to reconsider its May 14 Order,[1] the Court would continue to deny Defendant's motion. As the Court explained in its May 14 Order, Defendant's misconduct in prison itself—considering the relevant 18 U.S.C. § 3553(a) factors—warranted denying Defendant's initial motion for a reduction in his sentence [*See* Doc. 33 at 4]. Defendant's previous high risk of recidivism was a "[f]urther" factor that supported the Court's conclusion [*See id.*]. As such, the fact that Defendant is no longer classified as having a high risk of recidivism—his risk of recidivism is now medium—does not change the Court's conclusion. And Defendant's own submission that the BOP now classifies him as a "medium" risk level with a "medium" risk of violent recidivism, [*see* Docs. 34 at 1; 34-1], provides additional support for the conclusion that his "current, unmodified term of imprisonment remains necessary to provide deterrence and protect the public" [Doc. 33 at 4].

Accordingly, the Court **DENIES** Defendant's "Motion for Reconsideration" [Doc. 34].

SO ORDERED.

*[signature]*
KATHERINE A. CRYTZER
United States District Judge

---

[1] Defendant notes that this "new" assessment "occur[red] before" the Court's May 14 Order [Doc. 34 at 1]. Generally, however, "[t]o constitute newly discovered evidence, the evidence must have been previously unavailable." *See GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citation and quotation marks omitted).

2